IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| MARY DEANNA LAYMAN,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | MO-07-CV-101 |
| NATIONAL OILWELL VARCO, L.P.<br>　　Defendants. | §<br>§<br>§ | |

## ORDER PARTIALLY GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' 12(B)(6) Motion to Dismiss and Alternative 12(F) Motion to Strike, filed on February 4, 2008 (Doc. 10), and Plaintiff's Response, filed February 15, 2008 (Doc. 11). After consideration, the Court GRANTS the Defendants' Motion as to the retaliation claim only.

### BACKGROUND

National Oilwell Varco, L.P. ("NOV" or "Defendant"), through itself or one of its predecessor companies, employed Mary DeAnna Layman ("Plaintiff") from January 8, 1979 until approximately July 14, 2006, when Plaintiff's employment was terminated for insubordination. On January 5, 2007, Plaintiff filed an EEOC Charge of Discrimination alleging age and sex discrimination. On September 5, 2007, the Equal Employment Opportunity Commission ("EEOC") dismissed Plaintiff's case and gave Plaintiff notice of her right to file suit; Plaintiff filed this civil action on December 3, 2007. Plaintiff's Complaint alleges claims for employment discrimination and retaliation under the ADEA and Title VII, as well as a claim under the Equal Pay Act. Defendant filed a Motion to Dismiss Plaintiff's suit, alleging that all claims should be dismissed with prejudice.

### STANDARD OF REVIEW

A case is properly dismissed for failure to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

K:\Text\Mary Baker\Civil\Layman v. National Oilwell Varco, L.P., MO-07-CV-101\Order - Partial Grant Motion to Dismiss.wpd
March 3, 2008 (11:15am)

Page 1 of 2

which would entitle him to relief." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Additionally, courts do not have jurisdiction to consider a Title VII claim, such as a retaliation claim, if the claimant has failed to exhaust all administrative remedies with the EEOC. *See Tolbert v. United States*, 916 F.2d 245, 247-248 (5th Cir. 1990); *see also Luna v. Lockheed Martin Corp.*, No. 02-50394, 2002 WL 31687698, at *1 (5th Cir. Oct. 22, 2002).

### DISCUSSION

Defendant claims that Plaintiff did not establish a *prima facie* case of unlawful retaliation because she failed to exhaust her administrative remedies by first filing her complaint with the EEOC. Plaintiff concedes that the box indicating a claim for retaliation was not marked in her previously-filed EEOC complaint. (Pl's. Resp. to Defs. Mot. to Dismiss, 7). Because there is no evidence that Plaintiff has exhausted her EEOC claim for retaliation, the Court DISMISSES Plaintiff's retaliation claim.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' 12(B)(6) Motion to Dismiss, filed on February 4, 2008 (Doc. 10), is GRANTED as to the retaliation claim only.

**SIGNED** on this 6 day of **March, 2008.**

ROBERT JUNELL
United States District Judge
Western District of Texas

K:\Text\Mary Baker\Civil\Layman v. National Oilwell Varco, L.P., MO-07-CV-101\Order - Partial Grant Motion to Dismiss.wpd
March 3, 2008 (11:15am)

Page 2 of 2